UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

LORENZO WALKER,

                          Plaintiff,

v.                                                          5:22-CV-0400
                                                            (GLS/ML)
MICHAEL FLYNN, Owner,

                          Defendant.
_____

APPEARANCES:                                    OF COUNSEL:

LORENZO WALKER
  Plaintiff, *Pro Se*
502 Bryant Avenue
Syracuse, New York 13204


MIROSLAV LOVRIC, United States Magistrate Judge

### ORDER and REPORT-RECOMMENDATION

The Clerk has sent this *pro se* Complaint together with an application to proceed *in forma pauperis* and motion to appoint counsel filed by Lorenzo Walker ("Plaintiff") to the Court for review.  (Dkt. Nos. 1, 2, 3.)  For the reasons discussed below, I deny Plaintiff's *in forma pauperis* application (Dkt. No. 2), deny Plaintiff's motion to appoint counsel (Dkt. No. 3), and recommend that Plaintiff's Complaint (Dkt. No. 1) be dismissed without prejudice and without leave to amend.

## I.      BACKGROUND

Plaintiff's Complaint consists of four form complaints, which purport to assert actions arising under (1) 42 U.S.C. § 1983; (2) Title VII of the Civil Rights Act, as amended; (3) the

Americans with Disabilities Act; and (4) *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).  (*See generally* Dkt. No. 1.)  Construed as liberally[1] as possible, Plaintiff alleges that on February 14, 2015, The Roofing Guys—which is owned by Defendant Michael Flynn ("Defendant")—was hired to replace the roof on Plaintiff's home.  (*Id*.)  Plaintiff alleges that the work done by The Roofing Guys was deficient in the following three respects: (1) after completion of the work, tar remained on the side of Plaintiff's house, (2) the sheetrock inside Plaintiff's second bedroom got wet, and (3) a gutter was installed in the wrong location, which has caused Plaintiff's basement to get wet.  (*Id*.)  Plaintiff alleges that "they"[2] came back and painted over the tar but that work was also deficient and resulted in further damage to his property.  (*Id*.)

Plaintiff alleges that he is a veteran, 70 years old, owns his home, and has one leg.  (*Id*.) Plaintiff alleges that Defendant's conduct was discriminatory with respect to Plaintiff's race or color and national origin.  (*Id*.)

Plaintiff alleges that he "went to Home Quater" to get help with home repairs and that an individual named Curtis Harris told Plaintiff that Plaintiff needed to let "them"[3] do the work or lose out.  (*Id*. at 7.)

As relief, Plaintiff is seeking monetary damages of an unspecified amount.  (*Id*.)

Plaintiff also filed an application for leave to proceed *in forma pauperis*.  (Dkt. No. 2.)

---

[1]    The court must interpret *pro se* complaints to raise the strongest arguments they suggest. *Soto v. Walker*, 44 F.3d 169, 173 (2d Cir. 1995) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)).

[2]    Although it is unclear from the face of the Complaint, the Court presumes that Plaintiff intended to convey that The Roofing Guys' employees completed the painting work.

[3]    Again, it is unclear who Plaintiff is referring to, but the Court presumes that Plaintiff meant that Mr. Harris informed Plaintiff that The Roofing Guys were required to do the work.

## II.     PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*

When a civil action is commenced in a federal district court, the statutory filing fee,

currently set at $402, must ordinarily be paid.  28 U.S.C. § 1914(a).  A court is authorized,

however, to grant IFP status if it determines that the plaintiff is unable to pay the required fee.

28 U.S.C. § 1915(a)(1).[4]  Pursuant to 28 U.S.C. § 1915, where a plaintiff seeks leave to proceed

IFP, the court must determine whether the plaintiff has demonstrated sufficient economic need to

proceed without prepaying the required filing fee.  28 U.S.C. § 1915(a)(1).

The decision of whether to grant an application to proceed IFP rests within the sound

discretion of the court.  *Anderson v. Coughlin*, 700 F.2d 37, 42 (2d Cir. 1983).  The court must

be satisfied "that the person is unable to pay such fees or give security therefor" prior to granting

IFP status.  28 U.S.C. § 1915(a)(1).  To make this threshold showing, a plaintiff must

demonstrate "that paying such fees would constitute a serious hardship on the plaintiff, not that

such payment would render plaintiff destitute."  *Fiebelkorn v. United States*, 77 Fed. Cl. 59, 62

(Fed. Cl. 2007) (citing *Adkins v. E.l. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)); *see

also Potnick v. E. State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983) ("Section 1915[a] does not

require a litigant to demonstrate absolute destitution[.]"); *accord, Lee v. McDonald's Corp.*, 231

F.3d 456, 459 (8th Cir. 2000).  As the Second Circuit has noted, "no party must be made to

choose between abandoning a potential meritorious claim or foregoing the necessities of life."

*Potnick*, 701 F.2d at 244 (citing *Adkins*, 335 U.S. at 339).

---

[4]      The language of that section is ambiguous because it suggests an intent to limit
availability of IFP status to prison inmates.  *See* 28 U.S.C. § 1915(a)(1) (authorizing the
commencement of an action without prepayment of fees "by a person who submits an affidavit
that includes a statement of all assets such prisoner possesses").  The courts have construed that
section, however, as making IFP status available to any litigant who can meet the governing
financial criteria.  *Hayes v. United States*, 71 Fed. Cl. 366, 367 (Fed. Cl. 2006); *see also Fridman
v. City of N.Y.*, 195 F. Supp. 2d 534, 536 n.1 (S.D.N.Y. 2002).

In support of an IFP application, 28 U.S.C. § 1915 requires that a plaintiff submit an affidavit reflecting his assets.  28 U.S.C. § 1915(a)(1).

Here, Plaintiff's IFP application states that his gross pay or wages are $1,345.00, but does not indicate over what time period he receives that income.  (Dkt. No. 2 at ¶ 2.)  In addition, Plaintiff alleges in the Complaint that he owns his home (Dkt. No. 1 at 4) and indicates in his IFP application that his home is valued at approximately $69,000.00.  (Dkt. No. 2 at ¶ 5.)  However, Plaintiff also indicates in his IFP application that his regular monthly expenses include $720.00 in rent.  (*Id*. at ¶ 6.)  It is unclear whether Plaintiff maintains two properties—one that he owns and one that he rents, or whether Plaintiff inaccurately designated his monthly housing costs as "rent" despite owning the property.

In addition, Plaintiff's IFP application was incomplete in the following two respects: (1) Plaintiff failed to indicate the source of income for the $1,345.00 in gross pay or wages that he earns, and (2) with respect to question 8, which asks Plaintiff to identify any debts or financial obligations, Plaintiff states "House Noite 720 → B.A."  (Dkt. No. 2 at 2.)

In this instance, due to Plaintiff's incomplete IFP application, I am unable to conclude that he possesses insufficient funds to pay the $402.00 filing fee to commence an action without "foregoing the necessities of life."  *Potnick*, 701 F.2d at 244 (citing *Adkins*, 335 U.S. 339). Accordingly, I deny Plaintiff's motion to proceed in this case IFP.  To the extent that Plaintiff may wish to renew his request to proceed IFP, and given the Court's unanswered questions about his financial situation, any request to proceed without the prepayment of fees must include a fully completed *in forma pauperis* application (AO240).

III.     **RELEVANT LEGAL STANDARDS**

    A.     **Legal Standard Governing Initial Review of a Complaint**

Ordinarily, the finding that Plaintiff does not qualify for IFP status would end the Court's discussion, and Plaintiff, in light of his *pro se* status, would likely be afforded an opportunity to either prepay the full filing fee, or submit a new, completed, and certified application for IFP. Because, however, as is discussed more completely below, I find that Plaintiff's Complaint fails to state a claim upon which relief may be granted, 28 U.S.C. § 1915 requires that the court dismiss the action "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid[.]"  28 U.S.C. § 1915(e).

Section 1915(e) directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  In deciding whether a complaint states a colorable claim, a court must extend a certain measure of deference in favor of *pro se* litigants, *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties had an opportunity to address the sufficiency of plaintiff's allegations, *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983).

The Court, however, also has an overarching obligation to determine that a claim is not legally frivolous before permitting a *pro se* plaintiff's complaint to proceed.  *See, e.g., Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (holding that a district court may *sua sponte* dismiss a frivolous complaint, notwithstanding the fact that the plaintiff paid the statutory filing fee).  "Legal frivolity . . . occurs where 'the claim is based on an

indisputably meritless legal theory [such as] when either the claim lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint." *Aguilar v. United States*, 99-MC-0304, 99-MC-0408, 1999 WL 1067841, at *2 (D. Conn. Nov. 8, 1999) (quoting *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998)); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[D]ismissal is proper only if the legal theory . . . or factual contentions lack an arguable basis."); *Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) ("[T]he decision that a complaint is based on an indisputably meritless legal theory for purposes of dismissal under section 1915(d), may be based upon a defense that appears on the face of the complaint.").

When reviewing a complaint under section 1915(e), the court is guided by applicable requirements of the Federal Rules of Civil Procedure.  More specifically, Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The requirement that a plaintiff "show" that he or she is entitled to relief means that a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis added) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "Determining whether a complaint states a plausible claim for relief . . . requires the . . . court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not shown–that the pleader is entitled to relief."  *Iqbal*, 556 U.S. at 679 (internal citation and punctuation omitted).

"In reviewing a complaint . . . the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor."  *Hernandez v.*

*Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678.

### B.    Legal Standard Governing Subject Matter Jurisdiction

Subject matter jurisdiction can never be waived or forfeited.  *ACCD Global Agric., Inc. v. Perry*, 12-CV-6286, 2013 WL 840706, at *1 (S.D.N.Y. March 1, 2013) (quoting *Dumann Realty, LLC v. Faust,* 09-CV-7651, 2013 WL 30672, at *1 (S.D.N.Y. Jan. 3, 2013)).  Federal courts are mandated to examine their own jurisdiction *sua sponte* at every stage of the litigation.  *ACCD Global Agric., Inc*., 2013 WL 840706, at *1; *see In re Tronox, Inc.*, 855 F.3d 84, 85 (2d Cir. 2017) (federal courts have an independent obligation to consider the presence or absence of subject matter jurisdiction *sua sponte*).

> A federal court exercises limited jurisdiction pursuant to Article III of the Constitution.  It has subject matter jurisdiction over claims in which: (1) there is a 'federal question' in that a colorable claim arises under the 'Constitution, laws or treaties of the United States,' 28 U.S.C. § 1331; and/or if (2) there is complete "diversity of citizenship" between each plaintiff and all defendants and a minimum of $75,000 in controversy, 28 U.S.C. § 1332.

*Gonzalez v. Ocwen Home Loan Servicing*, 74 F. Supp. 3d 504, 511-12 (D. Conn. 2015) (quoting *Da Silva v. Kinsho Int'l Corp.*, 229 F.3d 358, 363 (2d Cir. 2000) (delineating two categories of subject matter jurisdiction) (footnote omitted)), *reconsideration denied*, 14-CV-0053, 2015 WL 2124365 (D. Conn. May 6, 2015).

The existence of a federal question is governed by the "well-pleaded complaint" rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.  28 U.S.C. § 1331.  A well-pleaded complaint

presents a federal question where it "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on a resolution of a substantial question of federal law." *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 9 (1983).

## IV.    ANALYSIS

In addressing the sufficiency of a plaintiff's complaint, the court must construe his pleadings liberally. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008). Having reviewed Plaintiff's Complaint with this principle in mind, I recommend that all causes of action be dismissed.

Although Plaintiff completes his Complaint on form complaints for violations of (1) 42 U.S.C. § 1983; (2) the Americans with Disabilities Act; (3) Title VII of the Civil Rights Act, as amended; and (4) *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), Plaintiff fails to state a claim upon which relief may be granted pursuant to any of those legal bases.

### A.    42 U.S.C. § 1983

A claim for relief under 42 U.S.C. § 1983 must allege facts showing that the defendant acted under color of state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Thus, to state a claim under § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, <u>and</u> (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988). Generally, private parties are not state actors, and are not liable under § 1983. *Sykes*, 723 F.3d at 406 (quoting *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he

United States Constitution regulates only the Government, not private parties . . . .") (internal quotation marks and citations omitted).  "Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes 'state action.'"  *United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am.*, 941 F.2d 1292, 1295-96 (2d Cir. 1991) (citing *Blum v. Yartsky*, 457 U.S. 991, 1002 (1982)).  A private defendant may be held liable only as "a willing participant in joint activity with the State or its agents."  *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970) (quoting *United States v. Price*, 383 U.S. 787, 794 (1966)).  Claims under § 1983 can be brought against private entities by "showing that a person acting under color of state law . . . collaborated with a private person . . . to deprive the plaintiff of a constitutional right."  *Fries v. Barns*, 618 F.2d 988, 990 (2d Cir. 1980) (citing *Adickes*, 398 U.S. at 144).

Here, the Complaint fails to allege facts plausibly suggesting that Defendant was a "state actor" or was "collaborating" with state actors.[5]  (*See generally* Dkt. No. 1.)

## B.      Title VII

Title VII makes it unlawful for an employer to "discriminate against any individual with respect to his . . . terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42. U.S.C. § 2000e-2(a).  A plaintiff asserting a

---

[5]      The Court also notes that the statute of limitations for a § 1983 action accruing in New York is three years.  *Shomo v. City of New York*, 579 F.3d 176, 181 (2d Cir. 2009).  Although the statute of limitations is an affirmative defense, where it is clear from the face of the complaint that a claim is barred by the applicable statute of limitations, the claim is subject to dismissal for failure to state a claim on 28 U.S.C. § 1915(e)(2)(B) review.  *See Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) (holding that a complaint can be dismissed on initial review based on a defense that appears on the face of the complaint).  The conduct that Plaintiff's Complaint concerns appears to have occurred in 2015, more than three years before the commencement of this action.  As a result, any claim pursuant to 42 U.S.C. § 1983 is barred by the statute of limitations.

claim under Title VII may establish a prima facie case by showing that (1) he is a member of a protected class; (2) he was qualified for the position he held; (3) he suffered an adverse employment action; and (4) "the adverse employment action occurred under circumstances giving rise to an inference of discriminatory intent." *See Feingold v. New York*, 366 F.3d 138, 152 (2d Cir. 2004). The last factor may be satisfied "through direct evidence of intent to discriminate, or by indirectly showing circumstances giving rise to an inference of discrimination." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 87 (2d Cir. 2015) (citations omitted).

The Complaint fails to allege facts plausibly suggesting that Plaintiff is or was employed by Defendant. (Dkt. No. 1.) As a result, Plaintiff fails to state a claim upon which relief may be granted pursuant to Title VII. *Jones v. Thomas*, 20-CV-5581, 2020 WL 5077026, at *4 (S.D.N.Y. Aug. 27, 2020) (dismissing for failure to state a claim, the plaintiff's claims pursuant to Title VII where the plaintiff did not allege that he is or was an employee of any of the defendants); *Basora-Jacobs v. Palevsky*, 20-CV-1675, 2020 WL 3868710, at *2 (E.D.N.Y. July 10, 2020) (dismissing the plaintiff's Title VII claims because "[t]he complaint does not list Plaintiff's employer as a defendant in the case caption.").

Moreover, individuals may bring Title VII claims in federal court only after filing a timely charge with the EEOC and receiving an EEOC right-to-sue letter. 42 U.S.C. § 2000e-5(e), (f); *see Legnani vv. Alitalia v. Linee Aeree Italiane, S.P.A.*, 274 F.3d 683, 686 (2d Cir. 2001) ("Under . . . Title VII . . ., a claimant may bring suit in federal court only if she has filed a timely complaint with the EEOC and obtained a right-to-sue letter."). Plaintiff left blank the portion of the form-complaint where he was to indicate that he "filed charges with the New York State Division on Human Rights, the New York City Commission on Human Rights or Equal

Employment Opportunity Commission regarding the alleged discriminatory acts." (Dkt. No. 1 at 8.) Plaintiff also left blank the portion of the form-complaint where he was to indicate the date that he received "the Equal Employment Opportunity Commission['s] issued . . . Notice-of-Right-to-Sue letter." (Dkt. No. 1 at 8.) "Further, a right-to-sue letter is not attached to Plaintiff's Complaint. Accordingly, Plaintiff's Title VII . . . claims must be dismissed on the basis that the right-to-sue letter is a precondition to bringing [the] claims in federal court." *Johnson v. Xylem Inc*., 19-CV-0130, 2020 WL 1963125, at *2 (W.D.N.Y. Apr. 16, 2020) (citing *Constantine v. U-Haul Int'l, Inc*., 15-CV-1204, 2015 WL 7272211, at *2 (N.D.N.Y. Nov. 16, 2015) (D'Agostino, J.) (dismissing the plaintiff's Title VII claim where the plaintiff failed to demonstrate that she received an EEOC right-to-sue letter); *Parker v. Mack*, 09-CV-1049A, 2010 WL 11507368, at *3 (W.D.N.Y. Jan. 4, 2010) (holding that the plaintiff's Title VII claims were subject to dismissal where the plaintiff did not submit a copy of his EEOC right-to-sue letter)).

As a result, I recommend that Plaintiff's claims pursuant to Title VII be dismissed for failure to state a claim upon which relief may be granted.

### C.     Americans With Disabilities Act

"[T]he ADA's statute of limitations is three years." *De La Rosa v. Lewis Foods of 42nd Street, LLC*, 124 F. Supp. 3d 290, 299, n.14 (S.D.N.Y. 2015). For the reasons set forth *supra*, in note 5 of this Order and Report Recommendation, I recommend that Plaintiff's claims pursuant to the ADA be dismissed as time barred.

In the alternative, I find that Plaintiff has failed to allege facts plausibly suggesting a claim for relief pursuant to the ADA.

Based on the facts alleged, Plaintiff could not proceed with a claim under Title I of the ADA, which addresses employment discrimination, because he has neither alleged that he was

employed by Defendant, nor alleged that he exhausted administrative remedies by filing a charge

with the Equal Employment Opportunity Commission before pursuing litigation in federal court.

42 U.S.C. § 12117; *see Mary Jo C. v. New York State Local Retirement Sys.*, 707 F.3d 144, 169

(2d Cir. 2013) (quoting *Bd. of Trustees of Univ. of Alabama v. Garrett*, 531 U.S. 356, 360, n.1

(2001)) ("'Title I of the ADA expressly deals with th[e] subject' of employment

discrimination.").

　　Title II of the ADA "proscribes discrimination against the disabled in access to public

services."  *Harris v. Mills,* 572 F.3d 66, 73 (2d Cir. 2009) (citing *Powell v. Nat'l Bd. of Med.*

*Exam'rs,* 364 F.3d 79, 84-85 (2d Cir. 2004), *corrected,* 511 F.3d 238 (2d Cir. 2004)).  To plead a

violation of Title II of the ADA, a plaintiff must allege "(1) that [he] is a qualified individual

with a disability; (2) that [he] was excluded from participation in a public entity's services,

programs, or activities or was otherwise discriminated against by a public entity; and (3) that

such exclusion or discrimination was due to [his] disability."  *Fulton v. Goord*, 591 F.3d 37, 43

(2d Cir. 2009) (quoting *Hargrave v. Vermont*, 340 F.3d 27, 34-35 (2d Cir. 2003)) (internal

quotation marks omitted).

　　Here, the Compliant is devoid of factual allegations plausibly suggesting that Plaintiff

was unable to access programs due to his disability, how his disability prevented him from

accessing those programs, or what accommodations he sought and was denied by Defendants.

(*See generally* Dkt. 1.)

　　Further, "individuals cannot be held liable under the ADA."  *Netti v. Ayers*, 17-CV-0976,

2017 WL 7542494, at *18 (N.D.N.Y. Oct. 5, 2017) (Baxter, M.J.) (citing *Baross v. Greenlawn*,

16-CV-4805, 2017 WL 2124424, at *4 (E.D.N.Y. May 15, 2017)), *report and recommendation*

*adopted by* 2018 WL 813509 (N.D.N.Y. Feb. 9, 2018) (Suddaby, C.J.); *accord Rosenfield v. New*

*York State Div. of Veterans' Affairs*, 18-CV-1299, 2019 WL 4621962, at *10 (N.D.N.Y. Sept.

24, 2019) (Suddaby, C.J.); *see Garcia v. S.U.N.Y. Health Scis. Ctr. of Brooklyn*, 280 F.3d 98, 107

(2d Cir. 2001) (holding that Title II of the ADA does not provide for suits against individuals);

*Fox v. State Univ. of N.Y.*, 497 F. Supp. 2d 446, 449 (E.D.N.Y. 2007) ("[T]here is no individual

liability under Title I or Title II of the ADA, or the ADEA."); *Sutherland v. New York State

Dep't of Law*, 96-CV-6935, 1999 WL 314186, at *7 (S.D.N.Y. May 19, 1999) ("Individual

defendants may not be held personally liable for alleged violations of the ADA.").  Thus,

Plaintiff has failed to state a claim upon which relief may be granted pursuant to Title II of the

ADA against Defendant, who is an individual (not an entity).[6]

     With respect to Title III of the ADA, the only relief available to private litigants is

injunctive relief, and here, Plaintiff seeks only monetary damages.  *Bowen v. Rubin*, 385 F. Supp.

2d 168, 181 (E.D.N.Y. 2005) (citing 42 U.S.C. § 12188(a)(1); *Disabled in Action of Metro. New

York v. Trump Int'l Hotel and Tower*, 01-CV-5518, 2003 WL 1751785, at *6 (S.D.N.Y. Apr. 2,

2003)).

     Further, "[t]o state a claim under Title III [of the ADA], [a plaintiff] must allege (1) that

[he] is disabled within the meaning of the ADA; (2) that defendants own, lease, or operate a

place of public accommodation; and (3) that defendants discriminated against [him] by denying

[him] a full and equal opportunity to enjoy the services defendants provide."  *Camarillo v.

Carrols Corp.,* 518 F.3d 153, 156 (2d Cir. 2008).  The Complaint fails to allege facts plausibly

---

[6]     Moreover, "[w]hen a private individual seeks damages under Title II of the ADA, the
Second Circuit requires the plaintiff to 'establish that the Title II violation was motivated by
either discriminatory animus or ill will due to disability.'"  *Day v. Warren*, 06-CV-0155, 2008
WL 474261, at *4 (D. Conn. Feb. 7, 2008) (quoting *Garcia v. S.U.N.Y. Health Scis. Ctr. of
Brooklyn*, 280 F.3d 98, 111 (2d Cir. 2001)).  The Complaint fails to allege facts plausibly
suggesting discriminatory animus or ill will towards Plaintiff's alleged disability or disabilities.
(*See generally* Dkt. No. 1.)

suggesting that Defendant discriminated against Plaintiff by denying him a full and equal opportunity to enjoy the services that Defendant provides.  (*See generally* Dkt. No. 1.)

Moreover, Title IV of the ADA does not appear to be applicable to Plaintiff's claims because Title IV prohibits disability discrimination in telecommunications.  *Genco v. Sargent & Collins LLP*, 18-CV-0107, 2018 WL 3827742, at *3, n.5 (W.D.N.Y. June 4, 2018).

Finally, Title V of the ADA, sometimes referred to as the "retaliation provision," also does not appear applicable because Plaintiff does not allege that he engaged in activity protected by the ADA, that Defendant was aware of that activity, or that Defendant took any adverse action against Plaintiff causally related to that protected activity.  *Chiesa v. New York State Dep't of Labor*, 638 F. Supp. 2d 316, 323 (N.D.N.Y. 2009) (Hurd, J.); *see also Constantine v. Merola*, 20-CV-1012, 2020 WL 8450544, at *5 (N.D.N.Y. Nov. 6, 2020) (Lovric, M.J.) (recommending dismissal of the plaintiff's ADA Title V claims where the complaint failed to allege that the plaintiff "engaged in any protected activity, that any [d]efendant knew that [p]laintiff was involved in the protected activity, or that any adverse decision or course of action taken by [d]efendants was causally connected to that protected activity."), *report and recommendation adopted by* 2021 WL 392487 (N.D.N.Y. Feb. 4, 2021) (Hurd, J.).

As a result, to the extent that Plaintiff's Complaint is construed as alleging a claim pursuant to the ADA, I recommend that it be dismissed for failure to state a claim upon which relief may be granted.

      **D.**    ***Bivens* Claim**

With respect to Plaintiff's claim pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), I recommend that it be dismissed as

14

untimely.  "The statute of limitations for *Bivens* actions arising in New York is three years."
*Tapia-Ortiz v. Doe*, 171 F.3d 150, 152 (2d Cir. 1999).

In the alternative, I recommend that Plaintiff's *Bivens* claim be dismissed for failure to
state a claim upon which relief may be granted.  To state a *Bivens* claim, a plaintiff must show
that "(1) a defendant acted under color of federal law (2) to deprive plaintiff of a constitutional
right." *Tavarez v. Reno*, 54 F.3d 109, 110 (2d Cir. 1995).  "While a private individual ordinarily
may not be held liable under *Bivens*, she may be found to have acted 'under color of law' when
she is a 'willful participant in joint activity' with the federal government or its agents." *Ross v.
O'Donnell*, 13-CV-1250, 2014 WL 3735667, at *3 (N.D.N.Y. July 29, 2014) (Kahn, J.) (quoting
*United States v. Price*, 383 U.S. 787, 794 (1966)).  "To demonstrate that a private party was
acting under color of federal law, a plaintiff must establish that [the] defendant's actions were
commanded or encouraged by the federal government, or that the defendants were so intertwined
with the government as to become painted with color of [federal] action." *Strother v. Harte,* 171
F. Supp. 2d 203, 206 (S.D.N.Y. 2001).

Here, the Complaint is devoid of factual allegations plausibly suggesting that
Defendant—a private actor—was commanded or encouraged by the federal government or that
his actions were so intertwined with the government as to become painted with color of federal
action.  (*See generally* Dkt. No. 1.)

### E.    Other Claims

Even applying special solicitude, I find that the Complaint may allege facts plausibly
suggesting state law claims such as breach of contract.  However, a state law claim for breach of
contract does not raise a federal question for purposes of subject matter jurisdiction.  *See Adames
v. Taju*, 80 F. Supp. 3d 465, 468 (E.D.N.Y. 2015) ("The Court may not exercise federal-question

jurisdiction over the Complaint as currently stated.  Despite a liberal reading of the Complaint, Plaintiff's claim regarding breach of contract is based in state law.  There is nothing on the face of Plaintiff's Complaint to suggest that Defendant violated any federal statute, or that any question involving the Constitution, laws, or treaties of the United States is implicated by his claim.").

The other conceivable ground for jurisdiction would be diversity of citizenship, which gives federal district courts jurisdiction over suits where the plaintiff and the defendant are of diverse citizenship and the amount in controversy exceeds $75,000.  *Adames*, 80 F. Supp. 3d at 468.  Here, there does not appear to be diversity jurisdiction between Plaintiff and Defendant, both of whom are citizens of New York.  (Dkt. No. 1 at 1.)  Moreover, the Complaint fails to allege that the amount in controversy is at least $75,000.  As a result, the Court lacks subject matter jurisdiction to consider any state law claims that Plaintiff may have sought to allege.

As a result, I recommend that Plaintiff's Complaint be dismissed in its entirety pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted and because the Court lacks subject matter jurisdiction.

## V.    OPPORTUNITY TO AMEND

Generally, a court should not dismiss claims contained in a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated."  *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991); *see also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires.").  An opportunity to amend is not required, however, where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Cortec Indus. Inc. v. Sum Holding*

*L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice."). Stated differently, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993); *accord, Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.).[7]

In this case, I find that granting leave to amend is unlikely to be productive because there appears no basis for Plaintiff to raise his claims against Defendant in federal court. As a result, the Court "should not allow [P]laintiff [an opportunity] to amend, notwithstanding a dismissal without prejudice. Because lack of subject matter jurisdiction is a substantive defect, the court recommends dismissal without leave to amend." *Guillory v. Crouse Hosp.*, 21-CV-1177, 2021 WL 5605260, at *3 (N.D.N.Y. Nov. 2, 2021) (Baxter, M.J.) (citing *Deul v. Dalton*, 11-CV-0637, 2012 WL 235523, at *8 n.19 (N.D.N.Y. Jan. 25, 2012) (Suddaby, J.)), *report and recommendation adopted by*, 2021 WL 5585926 (N.D.N.Y. Nov. 30, 2021) (Hurd, J.).

## VI.   PLAINTIFF'S MOTION TO APPOINT COUNSEL

As an initial matter, "[a] party has no constitutionally guaranteed right to the assistance of counsel in a civil case." *Leftridge v. Connecticut State Trooper Officer No. 1283*, 640 F.3d 62, 68 (2d Cir. 2011) (citations omitted). Courts cannot utilize a bright-line test in determining whether counsel should be appointed on behalf of an indigent party. *Hendricks v. Coughlin*, 114

---

[7]      *See also Carris v. First Student, Inc.*, 132 F. Supp. 3d 321, 340-41 n.1 (N.D.N.Y. 2015) (Suddaby, C.J.) (explaining that the standard set forth in *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 796 (2d Cir. 1999)—that the Court should grant leave to amend "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would be successful in stating a claim"—is likely not an accurate recitation of the governing law after *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)), *rev'd on other grounds*, 682 F. App'x 30.

F.3d 390, 392-93 (2d Cir. 1997).  Instead, a number of factors must be carefully considered by

the court in ruling upon such a motion.  As a threshold matter, the court should ascertain whether

the indigent's claims seem likely to be of substance.  A motion for appointment of counsel may

be properly denied if the court concludes that the plaintiff's "chances of success are highly

dubious."  *Leftridge*, 640 F.3d at 69.  If the court finds that the claims have substance, the court

should then consider:

> [T]he indigent's ability to investigate the crucial facts, whether conflicting
> evidence implicating the need for cross-examination will be the major
> proof presented to the fact finder, the indigent's ability to present the case,
> the complexity of the legal issues and any special reason in th[e] case why
> appointment of counsel would be more likely to lead to a just
> determination.

*Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994) (quoting *Hodge v.

Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986)).  This is not to say that all, or indeed any, of

these factors are controlling in a particular case.  Rather, each case must be decided on its own

facts.  *Velasquez v. O'Keefe*, 899 F. Supp. 972, 974 (N.D.N.Y. 1995) (McAvoy, C.J.) (citing

*Hodge*, 802 F.2d at 61).

In the present matter, the Court has recommended dismissal of the action.  As such, the

Court cannot find that Plaintiff's claims are likely to be of substance.  Plaintiff's motion (Dkt.

No. 3) is therefore denied.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's application to proceed *in forma pauperis* (Dkt. No. 2) is

**DENIED WITHOUT PREJUDICE**; and it is further[8]

---

[8]     If Plaintiff wishes to proceed with this action, he must either (i) pay the $402.00 filing
fee, or (ii) submit a renewed IFP application detailing his current financial condition, within
thirty (30) days from the date of the filing of Court's Decision and Order.  Failure to comply

**ORDERED** that the Clerk of the Court shall provide Plaintiff with a blank *in forma pauperis* application (AO 240); and it is further

**ORDERED** that Plaintiff's motion for appointment of counsel (Dkt. No. 3) is **DENIED**; and it is further respectfully

**RECOMMENDED** that the Court **DISMISS WITHOUT PREJUDICE and WITHOUT LEAVE TO AMEND** Plaintiff's Complaint (Dkt. No. 1) pursuant to 28 U.S.C. 1915(e)(2)(B) for failure to state a claim upon which relief may be granted and because the Court lacks subject matter jurisdiction; and it is further

**ORDERED** that the Clerk of the Court shall file a copy of this order, report, and recommendation on the docket of this case and serve a copy upon the parties in accordance with the local rules.[9]

---

with this directive will result in the issuance of a report and recommendation to the assigned district judge that the action be dismissed.

[9]    The Clerk shall also provide Plaintiff with copies of all unreported decisions cited herein in accordance with *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

**NOTICE:** Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.[10]  Such objections shall be filed with the Clerk of the Court.  **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW</u>**.  28 U.S.C. § 636(b)(1) (Supp. 2013); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)).

Dated: June 27 , 2022
       Binghamton, New York

Miroslav Lovric
U.S. Magistrate Judge

---

[10]      If you are proceeding *pro se* and served with this report, recommendation, and order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date that the report, recommendation, and order was mailed to you to serve and file objections.  Fed. R. Civ. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  Fed. R. Civ. P. 6(a)(1)(C).