UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

LORENZO WALKER,

                         Plaintiff,

v.                                                                 5:22-CV-0400
                                                                   (GLS/ML)
MICHAEL FLYNN, Owner,

                         Defendant.

_____

APPEARANCES:                                        OF COUNSEL:

LORENZO WALKER
  Plaintiff, *Pro Se*
502 Bryant Avenue
Syracuse, New York 13204


MIROSLAV LOVRIC, United States Magistrate Judge

## DECISION and ORDER

        Currently before the Court in this *pro se* civil rights action filed by Lorenzo Walker

("Plaintiff") is Plaintiff's amended application to proceed *in forma pauperis* (Dkt. No. 6) and

Plaintiff's second motion to appoint counsel (Dkt. No. 7).  For the reasons discussed below, I

grant Plaintiff's amended *in forma pauperis* application (Dkt. No. 6) and deny Plaintiff's second

motion to appoint counsel (Dkt. No. 7).

## I.      BACKGROUND

        Plaintiff commenced this action on April 29, 2022, by the filing of a Complaint, *in forma*

*pauperis* application, and motion for appointment of counsel.  (Dkt. Nos. 1, 2, 3.)  On June 27,

2022, the undersigned issued an Order and Report-Recommendation—which is currently

pending before the Senior United States District Judge Gary L. Sharpe—that denied Plaintiff's *in forma* pauperis application, denied Plaintiff's motion for appointment of counsel, and recommended that the Court dismiss Plaintiff's claims without prejudice and without leave to amend.  (Dkt. No. 5.)

On July 1, 2022, Plaintiff filed an amended application to proceed *in forma pauperis* and a second motion to appoint counsel.  (Dkt. Nos. 6, 7.)

## II.   PLAINTIFF'S AMENDED APPLICATION TO PROCEED *IN FORMA PAUPERIS*

"When a civil action is commenced in a federal district court, the statutory filing fee, currently set at $402, must ordinarily be paid.  28 U.S.C. § 1914(a).  A court is authorized, however, to permit a litigant to proceed *in forma pauperis* status if a party "is unable to pay" the standard fee for commencing an action.  28 U.S.C. § 1915(a)(1).[1]  After reviewing Plaintiff's amended *in forma pauperis* application (Dkt. No. 6), the Court finds that Plaintiff meets this standard.  Plaintiff's amended application clarifies that he receives $1,345.00 per month in Social Security Insurance payments.  (*Id.*)  Therefore, Plaintiff's amended application to proceed *in forma pauperis* is granted.[2]

---

[1]      The language of that section is ambiguous because it suggests an intent to limit availability of *in forma pauperis* status to prison inmates.  *See* 28 U.S.C. § 1915(a)(1) (authorizing the commencement of an action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such prisoner possesses").  The courts have construed that section, however, as making *in forma pauperis* status available to any litigant who can meet the governing financial criteria.  *Hayes v. United States*, 71 Fed. Cl. 366, 367 (Fed. Cl. 2006); *Fridman v. City of N.Y.*, 195 F. Supp. 2d 534, 536 n.1 (S.D.N.Y. 2002).

[2]      Plaintiff is reminded that, although his application to proceed *in forma pauperis* has been granted, he is still required to pay fees that he may incur in this action, including copying and/or witness fees.

III.    **SECOND MOTION FOR APPOINTMENT OF COUNSEL**

Plaintiff has also submitted a second request for appointment of counsel.  (Dkt. No. 7.)

As set forth in the Court's Order and Report-Recommendation dated June 27, 2022, "[a] party has no constitutionally guaranteed right to the assistance of counsel in a civil case." *Leftridge v. Connecticut State Trooper Officer No. 1283*, 640 F.3d 62, 68 (2d Cir. 2011) (citations omitted).  Courts cannot utilize a bright-line test in determining whether counsel should be appointed on behalf of an indigent party.  *Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997).  Instead, a number of factors must be carefully considered by the court in ruling upon such a motion.  As a threshold matter, the court should ascertain whether the indigent's claims seem likely to be of substance.  A motion for appointment of counsel may be properly denied if the court concludes that the plaintiff's "chances of success are highly dubious."  *Leftridge*, 640 F.3d at 69.  If the court finds that the claims have substance, the court should then consider:

> [T]he indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in th[e] case why appointment of counsel would be more likely to lead to a just determination.

*Terminate Control Corp.*, 28 F.3d at 1341 (quoting *Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986)).  This is not to say that all, or indeed any, of these factors are controlling in a particular case.  Rather, each case must be decided on its own facts.  *Velasquez v. O'Keefe*, 899 F. Supp. 972, 974 (N.D.N.Y. 1995) (McAvoy, C.J.) (citing *Hodge*, 802 F.2d at 61).

In the present matter, the Court has recommended dismissal of the action.  (Dkt. No. 5.) As such, the Court cannot find that Plaintiff's claims are likely to be of substance.  Plaintiff's second motion (Dkt. No. 7) is therefore denied.  Further, Plaintiff's circumstances are not unlike

many *pro se* litigants that come before the Court and do not alone justify the appointment of

counsel.  In addition, the Court is not aware of any special reason why appointment of counsel

would be more likely to lead to a just determination of this litigation.

Plaintiff may renew a motion for appointment of counsel to the extent that any claims

survive initial review, Defendant has responded to the allegations, and discovery has been

undertaken by the parties, at which point, the Court might be better able to determine whether

such appointment is warranted in this lawsuit.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's amended application to proceed *in forma pauperis* (Dkt. No.

6) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's second motion for appointment of counsel (Dkt. No. 7) is

**DENIED without prejudice**;

**ORDERED** that the Clerk of the Court shall file a copy of this decision and order on the

docket of this case and serve a copy upon the parties in accordance with the local rules.[3]


Dated: July 7th, 2022
Binghamton, New York


*Miroslav Lovric*

Miroslav Lovric
U.S. Magistrate Judge

---

[3]      The Clerk shall also provide Plaintiff with copies of all unreported decisions cited herein
in accordance with *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).